## Case No. 13,213.

### SPARKS v. WEST.

#### [1 Wash. C. C. 238.] 1

Circuit Court, D. Pennsylvania. April, 1805.

SHIPPING—DAMAGES FOR SEIZURE—VIOLATION OF REGULATIONS—ACTION AGAINST SHIPPER.

1. Action, by the owner of a vessel, against the defendant, for having put on board of her, without the knowledge of the owner, and against the regulations of Havana, a quantity of silver, which occasioned the seizure and detention of the vessel. *Held,* that the defendant is liable to answer for the damages sustained by the plaintiff, if they were occasioned by such illegal act.

2. Quere, whether, in any case, the protest of the captain is admissible in evidence?

This was an action brought by the plaintiff, owner of the ship Hope, against the defendant, for putting on board of the ship, at Havana, a quantity of dollars, without the knowledge, and against the orders of the captain given to his officers; whereby she was detained, for a long time, by the Spanish officers, in order to be searched.

Mr. Levy offered in evidence, the protest of the captain of the Hope; and to prove that this was always admitted as evidence in the courts of this state, he cited [Hyan v. Edwards], 1 Dall. [1 U. S.] 1; [Nixon v. Long], Id. 6; [Story v. Strettell], Id. 10.

Mr. Condie mentioned another case, similar to these; also, one in the court of common pleas, where an action was brought for the deviation of the captain. 7 Term R. 158. (The protest refused as evidence.) He cited also other cases, to show some of the exceptions made to the general rules of evidence.

It was opposed by Messrs. Ingersoll and W. Tilghman, as being contrary to the general rules of evidence, and as not being admitted in England.

PETERS, District Judge, was of opinion, that, as a general rule, it ought not to be admitted; that there might be cases, where there might be an exception, but this was not one.

WASHINGTON, Circuit Justice, observed, that he by no means approved of admitting such evidence. That, if any long and uniform decisions of the state courts had been produced, showing the principle to be otherwise settled, he should have felt himself perplexed. But, all the cases cited, have related

ed to actions on policies of insurance; where it was not easy to perceive clearly any interest in the captain. But, this is an action of tort, for an injury sustained by the plaintiff, for which the captain is liable; unless he can make out such an excuse for himself, and fix the wrong on the defendant, so as to enable the plaintiff to recover against him. No train of decisions has been produced or mentioned, in such a case. He was of opinion, this protest is inadmissible evidence.

WASHINGTON, Circuit Justice (charging jury). The declaration is a special action on the case, and states the seizure, search, and detention of the vessel; as the consequence of the defendant's putting on board this money without the permission of the captain. It certainly was an unlawful act, and the defendant is liable to pay all the damages, which the plaintiff can prove to your satisfaction to have resulted to him from this act. But, it does not follow, that, because the act was unlawful, the defendant is liable for all the damages sustained by the plaintiff; unless the act was the occasion of the damage. As, suppose the 400 dollars put on board by defendant, had not been found; or it appear, from other evidence, that not this, but some other thing was the cause. Upon this point, the parties are at issue. The plaintiff, to prove the injury sustained to have arisen from this act, relies upon the following circumstances: that, the search commenced the day after it was put on board. The answer to this, is; that the vessel was to have sailed the next day. That the money was found concealed; and, therefore, was calculated to excite suspicions, that a search would discover more hidden treasure in other parts of the ship: that, when 136 dollars were found in the steward's chest, the officers declared, that they would restore it, if no more was found: that, after finding the money put on board by defendant, they took the vessel to be searched. But still, this goes only to show, that this money was possibly the cause of the search and detention, but not of the seizure.

In opposition to these circumstances, the defendant relies upon the following: the superior value of the outward, to the homeward cargo; the number of passengers to return in the vessel; the ground on which the vessel was moored, which a witness has said, was best calculated for smuggling; were all calculated to excite suspicions, in the Spanish officers, that there were contraband goods on board. They, in fact, found money and other things in the steward's chest, which they seized and detained. But, above all, the certificate of the Spanish officers, who made the seizure and search, and which they left on board as a kind of proces verbal, is relied upon to show, not only that this money was not the cause of the seizure, but that it was not the cause of the search or detention. They state, that having received information of many thousand dollars being on board the

---

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

vessel, they had been induced to make the search; that they found 536 dollars (viz. the 400 dollars put on board by the defendant, and the 136 dollars found in the steward's chest), and some ——, and that, in consequence of this information, and the finding of these articles, they had caused the vessel to be unloaded, and searched.

This is a summary of the evidence, and of the arguments of counsel. I have stated the legal principle, by which you are to be governed. You will say, what damages, if any, the plaintiff is entitled to.

Verdict for 1,092 dollars and 98 cents. (The claim was for upwards of 4,000 dollars.)